In the Matter of Andrew Jackson
McLEMORE, Debtor.

OGLETHORPE UNIVERSITY, Plaintiff,

v.

Andrew Jackson McLEMORE,
Defendant.

Bankruptcy No. 80-0217A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 23, 1980.

---

Karen Fagin White, Macey & Zusmann, Atlanta, Ga., for plaintiff.

Andrew Jackson McLemore, pro se.

ORDER

A. DAVID KAHN, Bankruptcy Judge.

Plaintiff has moved for summary judgment on the grounds that the Defendant's answer not only failed to deny the allegations in the complaint but also failed to raise any affirmative defenses.

Plaintiff, as guarantor of an educational loan, commenced the instant action to obtain relief from the automatic stay and to reduce its claim against Defendant to judgment. The complaint alleges that the debt is non–dischargeable under § 523(a)(8) of the Bankruptcy Code, but the complaint does not seek a judgment declaring that the debt be so characterized.[1] Defendant's answer, which was apparently prepared without the assistance of counsel, states as follows:

1. Defendant [sic] is dischargable [sic] in bankruptcy pursant [sic] to § 523(a)(8) of the Bankruptcy Code.

2. The Court should continue to grant Automatic Stay of § 362 of the Bankruptcy Code and not authorize Plaintiff to proceed against Defendant with Respect to Liability of Defendant to Plaintiff, and allow dischargeability [sic] of all Debts.

Wherefore Defendant prays:

(A) That the Court continue automatic stay

(B) That the Court grant relief to Defendant as it may deem to be just and approiate [sic].

Keeping in mind that "all pleadings shall be so construed as to do substantial justice," R.Bankr.P. 708(f), and that "no technical forms of pleadings . . . are required," R.Bankr.P. 708(e), the court finds that Defendant's answer constitutes, in effect, a general denial, as contemplated by Rule

---

1. Presumably, the reason Plaintiff has couched its pleading in this way is that Plaintiff considers § 523(a)(8) to be "self executing," Sen. Rep.No. 95–989, 95th Cong., U.S.Code Cong. & Admin.News 1978, p. 5787, 2d Sess. 79 (1978), thereby making it unnecessary for Plaintiff to obtain a judgment characterizing the debt to be nondischargeable. Since the question of whether § 523(a)(8) is indeed self–executing is not presently before the court, the court's order in no way takes a position on the question.

708(b) of Bankruptcy Procedure. Plaintiff's contention that all allegations in its complaint must be taken as admitted is, therefore, hereby rejected.

Plaintiff also contends, in further support of its motion for summary judgment, that Defendant has failed to raise as an affirmative defense either of the two exceptions listed in Bankruptcy Code § 523(a)(8) to the non–dischargeability of educational loan debts.[2] Plaintiff therefore concludes that the two exceptions may not be raised by Defendant in the instant proceeding, inasmuch as affirmative defenses are waived upon a failure to make them. *See, e. g., Funding Systems Leasing Corp. v. Pugh,* 530 F.2d 91 (5th Cir. 1976).

For several reasons, the court concludes, contrary to Plaintiff's contention, that neither of the defenses outlined in § 523(a)(8)(A) and § 523(a)(8)(B) constitutes an affirmative defense.

Initially, it should be noted that the historical basis for the Rule 708(c) requirement that certain defenses be raised affirmatively is that the common law prohibited alternative pleading and sought to isolate a single litigable issue. A party could not, under the common law, deny plaintiff's allegations and simultaneously assert defenses which, in effect, admitted but avoided plaintiff's case. For some reason, the early pleading codes attempted to preserve, in part, the common law approach in that the codes required affirmative defenses to be pleaded specially. Rule 8(c) of Civil Procedure, made applicable here by Rule 708 of Bankruptcy Procedure, was modelled after the early pleading codes, and, therefore, specifically lists those matters which constitute affirmative defenses. In so listing the defenses, Rules 8(c) and 708(c) represent a conscious effort by the draftsmen of the federal rules to avoid controversy over the question of what constitutes an affirmative defense and at the same time make it clear that certain regularly oc-

curring matters must be set forth affirmatively before they will be considered by the court.

C. Wright and A. Miller, 5 *Federal Practice and Procedure* § 1270 (1969). This list was included in the federal rules despite an end to the common law prohibition against alternative pleading and despite the rules' rejection of specific and technical forms of pleading.

Neither of the defenses appearing in § 523(a)(8)(A) or § 523(a)(8)(B) of the Bankruptcy Code is listed in Rule 708(c) as an affirmative defense. While such omissions weigh heavily in deciding whether the defenses should be characterized as affirmative ones, it is true that Rule 708(c) includes in its list a catchall phrase, "any other matter constituting an avoidance." Although this phrase permits expansion of a list which was drafted for the purpose of avoiding "controversy over the question of what constitutes an affirmative defense," courts' use of the phrase has been limited. *See* C. Wright and A. Miller, 5 *Federal Practice and Procedure* § 1271 (1969). Furthermore, the expansion which has been allowed on the basis of the catchall phrase was achieved, for the most part, in diversity cases decided prior to the Supreme Court's decision in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (federal rules govern, even in the face of contradictory state law). *See Sundstrand Corp. v. Standard Kollsman Industries, Inc.,* 488 F.2d 807 (7th Cir. 1973) (state law regarding burden of proof is relevant in Rule 8(c) catchall phrase analysis) *and* J. Moore, 2A *Federal Practice* ¶ 8.27[2] (*Hanna* "casts considerable doubt upon the point of view expressed in" *Sundstrand* ).

In determining whether catchall phrase–based expansion of the Rule 8(c) and 708(c) list is justified, it has been suggested by commentators that courts consider whether plaintiffs will be unfairly surprised by the courts' failure to require that defendants

---

**2.** The exceptions apply (1) whenever the loan first became due five years or more prior to the filing of the petition, 11 U.S.C. § 523(a)(8)(A), and (2) if allowing the debt to be excepted from discharge would cause an "undue hardship" on the debtor's dependents, 11 U.S.C. § 523(a)(8)(B).

plead the defense in question affirmatively. C. Wright and A. Miller, 5 *Federal Practice and Procedure* § 1271 (1969). In the case of Bankruptcy Code § 523(a)(8)(A) and § 523(a)(8)(B) defenses, it cannot be said that creditor plaintiffs would be unfairly surprised if debtor defendants were to raise one or both of the defenses without affirmatively pleading them; indeed, the very provision upon which such a plaintiff, including Plaintiff in the instant proceeding, would rely lists the two defenses.

In addition to these considerations, within the context of bankruptcy dischargeability disputes, the court remains cognizant of the fact that bankruptcy is intended to provide debtors with a "fresh start." *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Burlingham v. Crouse*, 228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920 (1913). To characterize the debtor–oriented defenses outlined in § 523(a)(8) of the Bankruptcy Code as affirmative ones in the absence of a clear indication in the Rules that the defenses should indeed be so characterized would contradict the fresh start policy.

In accordance with the above, Plaintiff's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.